IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NATIONAL CITY BANK,

           Plaintiff,           Civil Action 2:06-CV-189

  vs.                          Judge Marbley

                               Magistrate Judge King

ANDREW D. ARONSON, *et al.*,

           Defendants.

## OPINION AND ORDER
## AND
## REPORT AND RECOMMENDATION

This matter is before the Court on *Plaintiff National City Banks's Motion to Remand* ("*Plaintiff's Motion to Remand*"), Doc. No. 8, and *Defendants' Motion to File a Sur-Reply*, Doc. No. 17. For the reasons set forth below, defendants' motion is **GRANTED** and it is **RECOMMENDED** that plaintiff's motion be **GRANTED**.

### I.  BACKGROUND

The *Complaint* alleges that Eleanor S. Resler, as Grantor, entered into a trust agreement with BancOhio National Bank, as Trustee. Doc. No. 3, *Complaint* ¶ 1. Plaintiff became the successor to BancOhio National Bank. *Id.* ¶ 2. The Eleanor S. Resler Trust created six *inter vivos* trusts; each of the three defendants was named the beneficiary of two trusts. *See id.* ¶¶ 4-5. In January 2004, plaintiff was removed as Trustee. *Id.* ¶ 8. On February 16, 2006, National City Bank ("plaintiff") filed a complaint in the Probate Court of Franklin County, Ohio, seeking a declaration that any claims defendants could otherwise have brought against it for investment losses that occurred in any of the six Resler trusts is now barred by O.R.C. § 1339.69©). *See id.* ¶¶ 23, 30, 37.

On March 13, 2006, defendants filed a *Notice of Removal,* invoking the diversity jurisdiction of this Court, 28 U.S.C. §1332.  Doc. No. 2, *Notice of Removal* ¶ 8. The *Notice of Removal* alleged the following:

> Defendant, Andrew D. Aronson, is an individual with a principal residence at 1207C Lakewood Drive, Greensboro, North Carolina 27410-4439.  Defendant Janie Baskin is an individual with a principal place of residence located at 1949 Clover Road, Northbrook, Illinois 60062.  Defendant, Cristine Aronson-Ewbank is a United States citizen with a principal place of residence located in the foreign nation of New Zealand.  Defendant, Cristine Aronson-Ewbank also has a residence located at 271 Cedar Grove, Glenwood Springs, Colorado.

*Notice of Removal* ¶ 1.

On March 30, 2006, plaintiff filed *Plaintiff's Motion to Remand*. Doc. No. 8. On April 19, 2006 defendants filed both a *First Amended Petition for Removal*, Doc., No. 14 (*"Amended Notice of Removal"*), and a memorandum *contra* plaintiff's motion ("*Defendants' Memorandum in Opposition*"), Doc. No. 15.  On April 24, 2006, plaintiff filed its reply brief in support of its motion to remand ("*Plaintiff's Reply*"), Doc. No. 16.

On May 5, 2006, defendants filed a motion for leave to file a sur-reply in opposition to plaintiff's motion to remand ("*Defendants' Motion to File Sur-Reply*"), Doc. No. 17, and on that same day filed the actual sur-reply ("*Defendants' Sur-reply*"), Doc. No. 18.  On May 25, 2006, plaintiff filed a memorandum *contra Defendants' Motion to File Defendants' Sur-reply*.  Doc. No. 21.

II. **DISCUSSION**

    A. **Defendants' Motion to File Sur-Reply**

The rules of this Court contemplate the filing of motions, memoranda in opposition, and replies and provide that "no additional memoranda beyond those enumerated will be permitted except upon leave of court for good cause shown." S.D. Ohio Civ. R. 7.2(a)(2). Defendants seek leave to file a sur-reply but offer no good reason for their failure to present all their arguments in support of jurisdiction in *Defendants' Memorandum in Opposition*. That being said, however, plaintiff will suffer no prejudice by the filing of the sur-reply. *See Burt v. Life Ins. Co. of N. Am.*, Case No. C-1-05-673, 2006 U.S. Dist. LEXIS 54630, *9 (S.D. Ohio, August 7, 2006) (M.J. Hogan) (granting motion to file sur-reply when good cause not shown because, "allowing Defendant to file its Sur-Reply results in no prejudice toward Plaintiff"). Moreover, in this circuit, there is a "strong preference that claims be adjudicated on their merits." *Coleman v. Shoney's, Inc.*, 79 Fed. Appx. 155, 157 (6th Cir. 2003) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). Because the tendered sur-reply and the declaration attached to that filing address the merits of the issue of this Court's jurisdiction, this Court will consider the sur-reply. *Defendants' Motion to File a Sur-Reply*, Doc. No. 17, is therefore **GRANTED**.

### B. Plaintiff's Motion to Remand

Under 28 U.S.C. § 1441, a defendant may remove an action brought in state court over which the federal district court would have original jurisdiction. 28 U.S.C. ¶ 1441(a). The defendant seeking to invoke federal jurisdiction has the burden of establishing that jurisdiction is properly invoked. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). In this regard, the removal petition is to be strictly construed, with all doubts resolved in favor of remand. *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

Defendants removed the instant action on the basis of diversity jurisdiction. Plaintiff moves for remand, arguing that defendant Christine Aronson-Ewbank ("Ms. Aronson-Ewbank") destroys complete diversity because, although she is a United States citizen, she is not a citizen of any state. Plaintiff also seeks an award of costs, expenses and attorney fees

### 1. Subject matter jurisdiction

Section 1332 confers upon district courts jurisdiction over cases between "citizens of different States" where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). State citizenship, for purposes of diversity jurisdiction, is not a matter of residency but of domicile. *See Gilbert v. David*, 235 U.S. 561 (1915); *Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994) (for diversity jurisdiction, "[w]e equate the citizenship of a natural person with his domicile"). Domicile is established by an intent to remain at a location permanently, or at least indefinitely. *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1972). A natural person can have only one domicile for purposes of diversity jurisdiction. *Eastman v. Univ. of Michigan*, 30 F.3d 670, 672-73 (6th Cir. 1994); *Williamson v. Osenton*, 232 U.S. 619, 625 (1914).

> In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State. *See Robertson v. Cease*, 97 U.S. 646, 648-649 (1878); *Brown v. Keene*, 8 Pet. 112, 115 (1834). The problem in this case is that Bettison, although a United States citizen, has no domicile in any State. He is therefore "stateless". . . .

*Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). *See also Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 588 n.3 (2004) (same). A stateless United States citizen destroys complete diversity under 28 U.S.C. § 1332(a). *See Newman-Green*, 490 U.S. at 828

("Bettison's 'stateless' status destroyed complete diversity).

Defendants initially alleged that Ms. Aronson-Ewbank is a United States citizen "with a principal place of residence in the foreign nation of New Zealand," who "also has a residence" in Colorado. *Notice of Removal* ¶ 1. Defendants' *Amended Notice of Removal* alleges that Ms. Aronson-Ewbank is a United States citizen "domiciled and residing in the foreign nation of New Zealand." *Id.*, at ¶3. Ms. Aronson-Ewbank expressly avers that, although she owns property in Colorado, she resides in New Zealand, was "granted permanent residency in New Zealand in or around 2003[,]" and intends to "remain a resident of New Zealand and" to "become a citizen of New Zealand." *Certification of Ms. Aronson-Ewbank* ¶¶ 2, 4, 5, attached to *Amended Notice of Removal*. Significantly, Ms. Aronson-Ewbanks states:

> Based on my understanding of the term "domicile" as a place of residency with the intent to remain, I consider myself domiciled in New Zealand.

*Id.* ¶ 7.

Plaintiff takes the position Ms. Aronson-Ewbanks has herself established that diversity jurisdiction is lacking because, although a citizen of the United States, she is not a citizen of any state. *Plaintiff's Reply* at 1-2. The *Declaration of Ms. Aronson-Ewbank,* attached to *Defendants' Sur-Reply,* attempts to avoid remand by recounting her continuing ties to Colorado: *e.g.*, she receives bills and pays most of them from her Colorado bank account, owns two vehicles registered in Colorado, possesses a valid Colorado driver's license, pays United States and Colorado State income taxes, retains her academic certifications for Colorado, actively serves on the Board of Directors for the Aspen Jewish Congregation in Colorado; she also asserts that she resided in Colorado for nearly six months in 2005. *Id.* ¶¶ 3-7. Based on this declaration, defendants argue:

> Although [Ms. Aronson-] Ewbank believes herself to be domiciled in New Zealand, and although [Ms. Aronson-] Ewbank has been granted permanent resident status in New Zealand, the record demonstrate that she is domiciled in the State of Colorado for purposes of this Court's jurisdiction.

*Id.* at 3.

This argument is unpersuasive. Ms. Aronson-Ewbank's two sworn statements unequivocally establish that this defendant resides in New Zealand and intends to remain there permanently. She is, therefore, domiciled in New Zealand. *See Stifel*, 477 F.2d at 1120 (domicile is established by an intent to remain permanently, or at least indefinitely). The *Declaration of Ms. Aronson-Ewbank* does not call this conclusion into question, but instead merely notes that Ms. Aronson-Ewbank was absent from her domicile in New Zealand for nearly six months in 2005. *See id.* (domicile is not lost by protracted absence from home, where the intention to return remains). Even construing her declaration to indicate that Ms. Aronson-Ewbank has two residences is unavailing, for "'[c]itizenship' for purposes of the diversity statute is synonymous not with 'residence' but with 'domicile.'" *Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968) (citing to *Napletana v. Hillsdale Coll.*, 385 F.2d 871 (6th Cir. 1967) and *Williamson v. Osenton*, 232 U.S. at 625). "Diversity of citizenship, rather than diversity of residence, is necessary to confer jurisdiction upon the District Court." *Id. See also* Moore's Federal Practice § 102.35[1] (3 ed.) citing *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990) ("A person may change domiciles only by taking up residence in a different state either with the intention to remain there, or at least without any specific intention to live anywhere else."). Simply because Ms. Aronson-Ewbanks <u>resides</u> part-time in Colorado and maintains certain ties to that state as a result of her part-time residence there does nothing to change her domicile in New Zealand.

Defendants also argue that, even if this Court concludes that Ms. Aronson-Ewbanks is domiciled in New Zealand, the Court need not remand this case or "adhere" to the "stateless person" doctrine.  *Defendants' Sur-Reply* at 4.

> The Plaintiff argues that "[u]nder long-settled law, if an individual is a United States citizen, but not a citizen of any State, he or she cannot be a party to a federal suit based on diversity jurisdiction."  Ironically, the Plaintiff fails to cite to a single Sixth Circuit authority to support this assertion.  Here, the facts unequivocally demonstrate that none of the Defendants is a citizen of the State of Ohio.  Thus, complete diversity exists.  The analysis should end there.

*Defendants' Sur-Reply* at 1.   Defendants are again mistaken.  It appears that diversity jurisdiction, as defined by the United States Supreme Court in *Newman-Green, Inc., supra*, 490 U.S. at 828, does not exist in this case.  This Court is bound by that conclusion, whether or not plaintiff cited to the appropriate authority.

Third, defendants argue that this Court need not remand this case if it recognizes that Ms. Aronson-Ewbanks has two domiciles.  *Defendants' Sur-Reply* at 4.  Once again, however, defendants are incorrect.  A natural person may possess only a single domicile.  *See Martinez v. Bynum*, 461 U.S. 321, 340 (1983) ("an individual has only one domicile"); *Williams v. North Carolina*, 325 U.S. 226, 229 (1945) (same); *District of Columbia v. Murphy*, 314 U.S. 441 (1941) (same); *Williamson v. Osenton*, 232 U.S. 619 (1914) (same).  *See also United States v. Namey*, 364 F.3d 843, 845 (6th Cir. 2004) ("An individual consequently may have several residences, but only one domicile."), (citing *Eastman v. Univ. of Michigan*, 30 F.3d 670, 672-73 (6th Cir. 1994)).

Because it is clear that Ms. Aronson-Ewbanks is a United States citizen who is domiciled in New Zealand, she is a stateless person whose presence in the litigation destroys complete diversity.  Because this Court lacks subject matter jurisdiction in this action,  removal was

therefore improper. Plaintiff's motion to remand is meritorious..

### 2. Costs, actual expenses and attorney fees

Plaintiff has requested an award of costs, actual expenses and attorney's fees pursuant to 28 U.S.C. § 144(c), which provides in relevant part:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

*Id*.

An award of attorney's fees under § 1447 falls within the sound discretion of the court. *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993); *Taylor-Sammons v. Bath*, 398 F. Supp.2d 868, 877-78 (S.D. Ohio 2005) (J. Graham). A finding of an improper purpose in the removal is not required to support an award of fees. *Id.* However, a "district court abuses its discretion by refusing to award fees where the defendant's argument for removal was 'devoid of even fair support.'" *Taylor-Sammons v. Bath*, *supra* (citing *Bartholomew v. Town of Collierville, Tenn.*, 409 F.3d 684, 687 (6th Cir. 2005)).

In the case *sub judice*, the Court concludes that the arguments presented by defendants in support of the removal of this action were "devoid of even fair support." *See, e.g., Taylor-Sammons*, *supra*, ("defendant should have been aware that plaintiff's complaint did not present a reasonable argument for removal based upon complete . . . preemption."). Defendants should have been aware that the presence in the litigation of a United States citizen who is not domiciled in any state will destroy diversity jurisdiction.

**WHEREUPON** the Court **GRANTS** *Defendants' Motion to File a Sur-Reply*, Doc. No. 17, but **RECOMMENDS** that *Plaintiff's Motion to Remand*, Doc. No. 8, be **GRANTED** and

that plaintiff be **AWARDED** its costs and fees incurred in connection with the improper removal of this action.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation*, and the part thereof in question, as well as the basis for the objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Responses to objections must be filed within ten (10) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn,* 474 U.S. 140 (1985);  *Harris v. City of Akron,* 20 F.3d 1396 (6th Cir. 1994);  *Smith v. Detroit Fed'n of Teachers, Local 231, Am. Fed'n of Teachers, AFL-CIO,* 829 F.2d 1370 (6th Cir. 1987).

December 11, 2006                               *s/Norah McCann King*
      Date                                               Norah M<sup>c</sup>Cann King
                                                       United States Magistrate Judge