IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NATIONAL CITY BANK,**

        **Plaintiff,**                    **CASE NO. 2:06-CV-189**

      **vs.**                             **JUDGE ALGENON L. MARBLEY**

                                       **MAGISTRATE JUDGE KING**

**ANDREW D. ARONSON,** *et al.***,**

        **Defendants.**

## OPINION AND ORDER

      This matter is before the Court on *Defendants' Objection to the Report and Recommendation Issued by the Honorable Magistrate Judge Granting the Plaintiff's Motion to Remand and Awarding the Plaintiff Costs and Fees Incurred in Connection with the Removal of this Action* ("*Defendants' Objection*"). (Doc. # 26). In the *Report and Recommendation*, (Doc. # 25), the Magistrate Judge recommended that this action be remanded and that plaintiff be granted its costs and fees associated with the improper removal of this action. Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of the *Report and Recommendation*. *See also Vogel v. United States Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001) ("remand motions are dispositive," thus, the district court "shall make a *de novo* determination of those portions" of the opinion to which defendants objected. 28 U.S.C. § 636(b)(1)(C)"). For the reasons discussed in the *Report and Recommendation,* and those that follow, *Defendants' Objection* is **OVERRULED** and the *Report and Recommendation* is hereby **ADOPTED** and **AFFIRMED**.

Magistrate Judge King determined that diversity jurisdiction was lacking in this case so that removal was improper under 28 U.S.C. § 1441 and, further, that plaintiff was entitled to its fees and costs incurred in connection with the improper removal under 28 U.S.C. § 1447. Plaintiff argued that the presence of defendant Christine Aronson-Ewbanks in the litigation, as a domiciliary of New Zealand, destroys complete diversity.  Magistrate Judge King agreed, relying upon the "stateless person" doctrine articulated in *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (a United States citizen who has no domicile in any state is a "stateless" person whose presence in the litigation destroyed diversity jurisdiction).  *See also* 28 U.S.C. § 1332 (district courts are vested with jurisdiction over cases between "citizens of different States").  Accordingly, the Magistrate Judge concluded that *Plaintiff National City Bank's Motion to Remand*, (Doc.# 8), was meritorious and recommended remand of this action.  *See also Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (removal petitions are to be strictly construed, with all doubts resolved in favor of remand).

Magistrate Judge King also concluded that plaintiff was entitled to an award of its costs and fees associated with the improper removal:

> In the case *sub judice*, the Court concludes that the arguments presented by defendants in support of the removal of this action were "devoid of even fair support."  *See, e.g., Taylor-Sammons*, *supra*, ("defendant should have been aware that plaintiff's complaint did not present a reasonable argument for removal based upon complete . . . preemption.").  Defendants should have been aware that the presence in the litigation of a United States citizen who is not domiciled in any state will destroy diversity jurisdiction.

*Report and Recommendation,* at 8.

Defendants "do not object to the recommendation that this case be remanded" but object

only to the "portion of the Magistrate's Report and Recommendation awarding Plaintiff fees and costs it incurred in opposing Defendants' removal of this action." *Defendants' Objection* at 4. Specifically, defendants argue:

> Fair support exists in the fact that, after removing the action in good faith based on the understanding that there existed complete diversity of the parties, the Defendants presented an objectively reasonable argument that this Court should not adhere to the "stateless person" doctrine, a doctrine which apparently has not been addressed by the Sixth Circuit and has been recognized by other Courts as being "inherently not founded in reason." *Wasson v. Northrup Worldwide Aircraft Serv., Inc.*, 443 F. Supp. 400, 402-03 (W.D. Tex. 1978) (quoting 13 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction, § 3612 at 722). There is no evidence of "fault" with the Defendants' decision to remove this action. Based on the pleadings and the information available to the Defendants at the time of removal, the Defendants' decision to remove was "fairly supportable." Therefore, it would be inequitable to award costs and fees to the Plaintiff in this action.

*Id.* at 7. This Court is not persuaded by defendants' argument.

The "stateless person" doctrine is found in a decision of the United States Supreme Court. *Newman-Green, supra.* Although defendants characterize the adoption of the doctrine in that case as *dictum* and therefore not binding, it is notable that the Supreme Court has itself cited *Newman-Green* for the proposition that the "stateless person" doctrine is federal law:

> A United States citizen with no domicile in any State ranks as a stateless person for purposes of 28 U.S.C. § 1332(a)(3), providing for suits between "citizens of different States and in which citizens or subjects of a foreign state are additional parties," and § 1332(a)(2), authorizing federal suit when "citizens of a State" sue "citizens or subjects of a foreign state." *See Newman-Green*, 490 U.S., at 828.

*Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 588 n.3 (2004). Moreover, contrary to defendants' assertion, the United States Court of Appeals for the Sixth Circuit has also recognized the "stateless person" doctrine. *Curry v. United States Bulk Transp., Inc.*, 462 F.3d 536, 542 (6th Cir. Ohio 2006); *National Enters. v. Smith*, 114 F.3d 561, 565 (6th Cir. Mich.

3

1997).  This Court does not regard itself as free to ignore this authority.

Rather than concede the issue of remand, defendants persisted in their futile efforts to establish diversity jurisdiction under circumstances that gave no reason to believe that jurisdiction existed.  Defendants even suggested that Ms. Aronson-Ewbank is possessed of dual domiciles, a position that is entirely without legal support.  *See Martinez v. Bynum*, 461 U.S. 321, 340 (1983) ("an individual has only one domicile"); *Williams v. North Carolina*, 325 U.S. 226, 229 (1945) (same); *District of Columbia v. Murphy*, 314 U.S. 441 (1941) (same); *Williamson v. Osenton*, 232 U.S. 619 (1914) (same).  *See also United States v. Namey*, 364 F.3d 843, 845 (6th Cir. 2004) ("An individual consequently may have several residences, but only one domicile.") (citing *Eastman v. Univ. of Michigan*, 30 F.3d 670, 672-73 (6th Cir. 1994)).

Finally, defendants argue that an award of fees is unwarranted because they did not act in bad faith in removing the action.  However, as the *Report and Recommendation* correctly reasoned, an award of attorney's fees under 28 U.S.C. § 1447 falls within the sound discretion of the trial court and a "determination of bad faith, improper purpose, or vexatious or wanton conduct [is] not necessary" under 28 U.S.C. § 1447(c).  *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993) (these factors were not required under the pre-1988 statute and the amended statute significantly expands the district court's discretion).  *See also Taylor-Sammons v. Bath*, 398 F. Supp.2d 868, 877-78 (S.D. Ohio 2005) (J. Graham) ("finding of an improper purpose is not required to support an award of fees" under Section 1447).  This Court agrees that its discretion is appropriately exercised in favor of the award of fees and costs to plaintiff.

Accordingly, *Defendants' Objection*, (Doc. # 26)**,** is **OVERRULED**, and the *Report and*

*Recommendation*, (Doc. # 25), is hereby **ADOPTED** and **AFFIRMED**.  *Plaintiff National City Bank's Motion to Remand*, (Doc.# 8), is **GRANTED.**  This action is hereby **ORDERED REMANDED** to the Court of Common Pleas for Franklin County.  Moreover, plaintiff is **AWARDED** its fees and costs incurred in connection with the improper removal of this action.


 February 21, 2007                                                   s/Algenon L. Marbley                       
**DATE**                                                            **ALGENON L. MARBLEY**
                                                                    **UNITED STATES DISTRICT JUDGE**